Filed 1/26/24  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082279 |
| v. | (Super.Ct.No. RIF148701) |
| GERARDO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Appeal dismissed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gerardo Martinez appeals the order of the Riverside County Superior Court denying his petition for resentencing made pursuant to Penal Code section 1172.6.[1]

## BACKGROUND[2]

In April 2011, a jury convicted defendant of first degree murder in violation of section 187, subdivision (a) and the court trial sentenced him to a term of 25 years to life in state prison. Defendant appealed. (*Martinez I.*, *supra*, E054066.) In response to defendant's insufficiency of the evidence claims, we found there was ample evidence to establish defendant was the victim's killer and to support the conviction for first degree murder and affirmed the judgment. (*Ibid.*)

In July 2020, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court found the jury had not been instructed on either the theory of natural and probable consequences or aiding and abetting, and dismissed the petition. Defendant appealed the order of dismissal and we affirmed. (*Martinez II*, *supra*, E075962.)

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

[2] Some facts recited in this section are taken from this court's opinions issued in defendant's appeal from the judgment, *People v. Martinez* (July 17, 2013, E054066) [nonpub. opn.] (*Martinez I.*), and in his subsequent appeal from an earlier denial of a section 1172.6 petition, *People v. Martinez* (May 26, 2021, E075962) [nonpub. opn.] (*Martinez II*). We take judicial notice of those opinions on our own motion.

In August 2023, defendant once again filed a petition for resentencing pursuant to section 1172.6, which attached documents evidencing the many positive steps he had taken while in prison such as Bible and Talmud studies, anger management classes, and general education classes.

Upon receipt of the petition, the trial court set a status conference hearing and appointed counsel for defendant. At that hearing, counsel for defendant and the People advised the court that the case was a "one-on-one murder," and their respective reviews of the jury instructions confirmed the jury had not received instructions regarding aiding and abetting, natural and probable consequences, felony murder, or any other theory by which malice could possibly have been imputed to defendant. The court denied the petition. Defendant timely noticed this appeal from the denial.

## DISCUSSION

Defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel asked this court to independently review the record on appeal. Counsel states the following issues were considered: (i) whether the trial court erred when it found defendant was not convicted on a theory of natural and probable consequences or felony murder, or in otherwise dismissing defendant's appeal; (ii) whether this court has jurisdiction to consider an appeal from the denial of a petition for resentencing where it has affirmed the prior denial of such a petition; and (iii) whether trial counsel's assistance in connection with the resentencing petition was ineffective and, if so, whether defendant suffered prejudice as a result.

3

Upon receipt of the opening brief, we advised defendant that, because the appeal is from the denial of a postconviction proceeding, this court is not required to conduct an independent review of the record, and cited *People v. Delgadillo* (2022) 14 Cal.5th 16. We invited defendant to file any supplemental brief deemed necessary and advised him that failure to do so might result in dismissal of the appeal as abandoned. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

MILLER

J.